# Abdul K. Hassan, Esq.
# Attorney and Counselor at Law
215-28 Hillside Avenue, Queens Village, New York 11427
Phone: 718-740-1000 Fax: 718-468-3894 Email: abdul@abdulhassan.com

**Via ECF**

**November 6, 2012**

Hon. Joan Azrack, USMJ
United States District Court, EDNY
225 Cadman Plaza East, Room 605N
Brooklyn, NY 11201

<u>Re:</u> <u>**Charveys Gonzalez v. HF Management Services, LLC**</u>
   **Civil Action #: 12-CV-4826 (JBW)(JMA)**
   **Response to Motion**

Dear Magistrate Azrack:

      I represent plaintiff in the above-referenced case and write to respond to defendant's motion to extend the time to respond to the complaint. As to defendant's contemplated motion to dismiss, even if the motion is granted, plaintiff will simply add more details and refile the complaint. As such, the initial conference and discovery should proceed without interruption especially in light of Judge Weinstein's order to expedite the discovery process in this case.

      In terms of the schedule for defendant's proposed motion, defendant initially argued that the two judges in question may have different motion requirements and it needed to know the judge before making the motion. However, because neither Judge Weinstein nor Judge Korman have a pre-motion conference requirement, there is no need to await the outcome of the reassignment motion to begin work on the motion to dismiss and the 21-day period to file such a motion should begin running from November 5, 2012.

      Some background is in order. No so long ago, defendant settled a similar case brought as a class action in this courthouse before Judge Vitaliano and Magistrate Reyes for millions of dollars. After that settlement, defendant began paying overtime – an admission that our position in this case is correct. Now however, defendant wants to blatantly reverse itself and claim that plaintiff is not entitled to overtime. Since settling the prior overtime case for millions of dollars, defendant has been pursuing a strategy to delay and frustrate the prosecution of these other cases.

      In the other case before Judge Korman, as Judge Korman noted, most of the motion was devoted to obtaining dismissal based on an exemption affirmative defense upon which defendant has the burden of proof. Judge Korman rejected this basis for the motion and noted that such a fact-intensive defense cannot be resolved on a motion to dismiss at the pre-answer stage. Judge

Korman did dismiss the FLSA claim with leave to replead with some additional details which means that after the complaint is refiled shortly, we are back in the same place we were many months ago with a lot of precious time wasted in the process because of defendant's ill-advised motions to dismiss[1].

While we fully respect Judge Korman's unpublished opinion, plaintiff does intend to oppose any motion to dismiss the FLSA claims for failure to state a claim because there is a difference of opinion among the district judges of the Circuit. Unlike Judge Korman, Judge Castel rejected the arguments like those made by defendant in this case in another case I recently had before him. Initially, Judge Castel seemed inclined to dismiss the complaint which was similar to this one and he issued an order to show cause after receiving a request for a pre-motion conference from the defendant. I responded and submitted the relevant arguments, points and authorities. After meeting with the lawyers and discussing the matter, Judge Castel noted that he had read the submissions and cases and told defendant that plaintiff was right and that a motion to dismiss would be denied. Judge Castel even took time to praise what he described as very good advocacy and noted that it was not always that he learns from the attorneys before him. I believe if Judge Korman had the benefit of the back and forth of oral arguments, like Judge Castel did, his ruling would have been different. However, it could also be that Judge Korman was wiser than the rest of us and that by designating his ruling as unpublished and keeping the parties in essentially the same position they were before the motion, was sending a message to the parties to try to resolve the case.

In any event, arguments that the FLSA claims are not properly stated in the two subject cases suffer from two major deficiencies. First, there is a failure to recognize that FLSA exemptions are affirmative defenses which must be pleaded and proved by the defendant and as such, plaintiff does not have to plead factual allegations and the elements of these affirmative defenses. Second, there is a failure to recognize the role of record-keeping in FLSA cases. Unlike most other types of cases, the FLSA requires defendants to keep records of hours, wages, and other information needed to prove a claim. As such, it is in contravention of Second Circuit and Supreme Court precedent to require an employee to plead the details in the employer's FLSA records, before those records are produced in the case. This is the equivalent of shifting the record-keeping burden to the employee – something the Second Circuit and Supreme Court have explicitly disapproved of.

I thank the Court in advance for its time and consideration.

Yours truly,

  /s/ Abdul Hassan
**Abdul K. Hassan, Esq. (AH6510)**
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**

---

[1] There is a chance that plaintiff in De Jesus v. Health First may ask the circuit to clarify the standard for pleading FLSA cases.